E. M. BLANDING and others *vs*. T. H. MANSFIELD.

Penobscot.    Opinion July 20, 1881.

*Pleadings.    Declaration.    Demurrer.    Exceptions.    Practice.*

Where there is nothing in the context to show that the defendant was likely to be thereby misled or prejudiced, it is no ground for sustaining a general demurrer that the word "plaintiff" is used in some parts of the declaration when there are three plaintiffs named.

Nor that in the account annexed the defendant is charged as indebted to a certain newspaper when the names of the plaintiffs as proprietors of the newspaper are given upon the bill.

Nor that one item of the account is for "bill rendered," without specifications, when there are other items upon which judgment may be rendered.

The adjudication of the presiding judge at *nisi prius* that a demurrer, filed at the second term and presented and passed upon the day it was filed, is frivolous and intended for delay, has no effect upon the rights or liabilities of the defendant and he is not legally aggrieved thereby.

ON EXCEPTIONS.

Action of assumpsit upon an account annexed, which was as follows :

(Account annexed.)

Maine Mining Journal. $2.00 per year in advance. Editors : E.M.Blanding, W.F.Blanding. E. H. Dakin, Business Manager.

"Orders Solicited for General Job Printing of every Description.

Bangor, August 2nd, 1880.

Advertising Rates. Outside pages : Per square first insertion, $1.00 Per square, for continuance .40 Inside page : Per Square, first insertion, .75 Per square, for continuance .25

*M*    T. H. Mansfield & Co., Portland,

To    M A I N E    M I N I N G    J O U R N A L ,    Dr.

28 West Market Square.

| June 21. | To card, 4 sqs. 2 mo. | 12.00 | |
| " " | Bill rend.    Subscriptions & Papers, | 10.50 | |
| April 16. | 2 Ea.  No's. 26, 27, 28, 29 & 33, | .50 | |
| July 23, | 24 No. 30 & stamps, | 1.44 | |
| Aug. 6. | 26  "  32 & stamps, | 1.56 | |
| June 25. | To new card, 2 sqr's 3 mos. to No. 37, | 9.00 | |
| " " | "  "  "  "  "  "  " 50, | 9.00 | |
| " " | To ——— | .90 | 44.90 |

The action was entered at the January term, 1881, and at the next [April] term, the twentieth day, the defendant filed a general demurrer to the plaintiffs' declaration. A hearing was had on the same day and the demurrer was overruled and adjudged frivolous and intended for delay. To this ruling and adjudication the defendant excepted.

*Bertram L. Smith,* for the plaintiffs, cited: 62 Maine, 544; *Lord* v. *Kennebunkport,* 61 Maine, 462; *Rumrill* v. *Adams,* 57 Maine, 565.

*George W. Verrill,* for the defendant.

The demurrer should be sustained. (1.) The declaration alleges that the defendant being indebted to the "plaintiff" promised the "plaintiffs" to pay them, &c. (2). The account annexed is an essential part of the declaration. This one does not show that the defendant was indebted to the plaintiffs, but to the "Maine Mining Journal." This is a variance. (3.) The second item in the account is clearly insufficient. *Bennett* v. *Davis,* 62 Maine, 544.

The adjudication of the court that the demurrer was frivolous and intended for delay was unauthorized. R. S., c. 82, § 19.

BARROWS, J. Bad grammar does not vitiate a declaration when the person and case can be rightly understood. If it did, in these heedless days legal process as a remedy in the collection of small debts would be of little worth. In a declaration, as in a statute, we think "words of the singular may include the plural number," unless the connection is such as to make them likely to mislead the defendant as to some matter that is important to his defence. The word "plaintiff" which is here criticised by defendant's counsel, plainly signifies the plaintiff party and may well include all who are specified by name as plaintiffs. No one could be misled or harmed by the use of the singular for the plural. Nor do we think that the form of the debit in the account annexed can have produced any misleading effect, or be regarded as a variance, when the names of all the plaintiffs appear upon the bill as the conductors and apparent proprietors of the newspaper. It is a form much used in news-

paper bills and is perfectly intelligible when the names of the proprietors accompany it.

Nor does the fact that one item of the account is for "bill rendered, subscriptions and papers," draw the whole declaration within the condemnation of *Bennett* v. *Davis*, 62 Maine, 544. It was open to the defendant to demur for want of proper form in this item, but the demurrer should have been special, calling attention to the defect. And, as Chitty says, in remarking upon the statute of Elizabeth requiring a special demurrer in certain cases, "where there are merits to be tried it is in practice more liberal not to demur for a mere mistake in form." A motion for a bill of particulars of the item would have been sustained, and would have preserved all the defendant's rights. *Harrington* v. *Tuttle*, 64 Maine, 474.

As the declaration stands there is sufficient matter substantially alleged to entitle the plaintiffs to their action, and hence the declaration is good on general demurrer. · *Dole* v. *Weeks*, 4 Mass. 451. There are other items in the account which are not subject to the objection. It may be that the plaintiffs do not consider this item of sufficient importance to ask for judgment on it and take the trouble of amending.

But the demurrer admits only what is well set forth in the declaration. See *Lowell* v. *Morse*, 1 Met. 475, and the last clause of the opinion of the court, in *Millard* v. *Baldwin*, 3 Gray, 486.

The concluding remark of the court in *Dole* v. *Weeks*, above cited, is also apposite.

Under the circumstances stated, the adjudication by the presiding justice that the demurrer was frivolous and intended for delay, produced no effect whatever upon the rights or liabilities of the defendant, and he was not legally aggrieved thereby. The judge did not certify that the exceptions, which he allowed, were frivolous and intended for delay, nor did the plaintiffs ask him to do so.

In view of the efforts of the respective counsel and the course the case has taken, we do not feel disposed to say that what may have been only a well meant effort to show the necessity for that care and exactness which it is as much for the interest of plaintiffs

as of defendants to secure, shall be visited with the penalty of treble costs under R. S., c. 82, § 19.

*Exceptions overruled.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.